BABETTA R. MITTENBUHLER, complainant-appellee,

*v.*

FRANK J. MITTENBUHLER, defendant-appellant.

[Submitted February term, 1935. Decided May 17th, 1935.]

*Mr. Thomas Brunetto,* for the defendant-appellant.

*Mr. Harris J. Westerhoff,* for the complainant-appellee.

The opinion of the court was delivered by

BODINE, J.

In 1930, a wife instituted a maintenance action on the ground of desertion. The case was contested, but the proofs indicate a constructive rather than an actual desertion as alleged. The husband, represented by counsel, appeared at the hearing and testified as to the facts. No question was raised as to the variance between pleadings and proofs, and no appeal was taken from the decree granted within the time allowed by law. Four years later, the husband petitioned the court of chancery to reopen, reverse or set aside the decree. From the refusal so to do this appeal is taken.

The time of appeal having expired when this application was made for leave to file a bill of review, the petitioner was barred unless the case can be brought strictly within the exception of newly discovered evidence, or of some special equity that would give the court discretionary power to make the order. *Watkinson* v. *Watkinson, 68 N. J. Eq. 632.* See, also, *Sparks* v. *Fortescue, 75 N. J. Eq. 586; Boyer* v. *Boyer, 77 N. J. Eq. 144; Mitchell* v. *Mitchell, 97 N. J. Eq. 298.*

The defect complained of appeared upon the face of the proceedings. This is the only basis urged for entertaining the application. Manifestly, the court of chancery could have granted maintenance because of constructive desertion had its jurisdiction been invoked by a bill containing the proper allegations of fact. The defendant having participated in the proceeding, being present represented by counsel, cannot now claim that he suffered any wrong. He had full opportunity to complain of an obvious error. By failing to make timely objection, he waived any variance and may not now complain because of his own lack of vigilance.

Objections in a chancery proceeding should be seasonably made; otherwise they will be considered as waived. *William-son* v. *Johnson, 5 N. J. Eq. 537.*

The court of chancery quite properly refused to entertain a bill of review. Its order of dismissal is therefore affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.